not extend to a direction to the collector to proceed under said bond. This conclusion was reached by me on the further assumption that the bond having been cancelled the collector had no choice but to enforce the liability of the importer for the duties due.

On rehearing certain evidence which had been excluded by the judge who heard the case originally, was admitted, including the terms of the steamship bond. A photostat thereof is now before us. It is what is known as a term bond, the term thereof being from May 1, 1943, to April 30, 1944. The termination of the bond, insofar as the right of the steamship to unlade or take other action thereunder, in my opinion, could not affect the right of the collector to proceed under its terms for violations that may have occurred during the term. It follows that although the deputy collector, who testified at both hearings, may have considered the liability of the steamship company terminated, so far as his division and the liquidating division were concerned, the claim under the steamship bond for duties on the merchandise involved herein might have been prosecuted under the provisions of section 448 of the Tariff Act of 1930, and the liquidation of the entry withheld. In the event that the Government authorities should have been unsuccessful in that action, they could then have proceeded to liquidate the entry, from which liquidation the importer or consignee would have had its remedy by protest.

Insofar as the facts of this case are disclosed by the record it appears to me that it is the duty of this court, in order that the ends of justice may be served, to hold that the liquidation is illegal in that the collector should have first exhausted his remedy for the collection of the penalty under the bond. Although this court has no authority to direct the collector to so proceed, I consider that under the circumstances the liquidation herein is premature and therefore null and void. However, I think no finding should be made as to the proof requisite to establish the liability of the owners of the vessel for the duties, that matter being beyond the jurisdiction of this court.

For the foregoing reasons it is my view that the liquidation is premature and that proper steps should be taken by the customs authorities toward a legal liquidation.

**No. 52647.**—Charlotte Manufacturing Co. v. United States, protest 56334–K (Philadelphia).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on entries 7443 and 84. The protest was sustained to this extent.

**No. 52648.**—Inter-Maritime Forwarding Co., Inc. v. United States, protests 63412–K, etc. (New York).

Opinion by E<span>KWALL</span>, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52649.**—New York Commercial Agency v. United States, protest 136624–K (New York).

Opinion by E<span>KWALL</span>, J. An examination of the record disclosing nothing that would warrant the court in disturbing the finding of the collector, which was presumptively correct, the protest was overruled.

**No. 52650.**—Dextar Fur Corp. et al. v. United States, protests 104220–K, etc. (New York).

Opinion by E<span>KWALL</span>, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

B<span>EFORE THE</span> F<span>IRST</span> D<span>IVISION</span>, N<span>OVEMBER</span> 4, 1948

**No. 52651.**—China Importing Co. et al. v. United States, protests 72851–K, etc. (New York).

Opinion by O<span>LIVER</span>, C. J. It was stipulated that the merchandise consists of mah jong sets, artificial ivory figures, and other articles composed of synthetic resin similar in all material respects to the articles which were the subject of Abstracts 51306 and 51959. The claim at 20 percent under paragraph 1558 was therefore sustained.

**No. 52652.**—George Borgfeldt Corp. et al. v. United States, protests 135063–K, etc. (New York).

Opinion by O<span>LIVER</span>, C. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 52653.**—Ciba Pharmaceutical Products, Inc. v. United States, protest 139133–K (New York).